### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

|  |  |  |
|---|---|---|
| **DERIAN NASCA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 3:21-CV-70 (CAR)** |
| | : | |
| **JOHN RUDOWICZ, RICK** | : | |
| **RUDOWICZ, JULIE COGNAC a/k/a** | : | |
| **JULIE RUDOWICZ, KAYLA PILLAY,** | : | |
| **JOHN DOES 1-5, and JANE DOES 1-5,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

### <u>ORDER ON DEFENDANT KAYLA PILLAY'S MOTION TO DISMISS</u>

*Pro se* Plaintiff Derian Nasca filed this action under the Court's diversity jurisdiction seeking relief for violations of Georgia law after Defendant John Rudowicz allegedly attacked and injured Nasca during a mediation session at Reed Hall on the University of Georgia ("UGA") campus. Defendant Kayla Pillay was the UGA Resident Advisor ("RA") who conducted the mediation. Pillay now moves to dismiss Nasca's negligence claim against her. As explained below, Pillay is entitled to Eleventh Amendment sovereign immunity for any claim against her in her official capacity and official immunity under Georgia law for the claim against her in her individual capacity. Thus, Pillay's Motion to Dismiss [Doc. 14] is **GRANTED**. The Stay of

Discovery in this case is hereby **LIFTED**. The remaining parties must file the Proposed

Scheduling and Discovery Order within 21 days of the date of this Order.

## BACKGROUND

On a motion to dismiss, the Court must construe the Complaint in the light

most favorable to Nasca and accept all well-pled facts in his Complaint as true.[1]

At all times relevant to his Complaint, Nasca was a student at UGA living in

student housing at Reed Hall.[2] Defendant John Rudowicz was also a student living at

Reed Hall, and Defendant Kayla Pillay was a student RA at Reed Hall.[3] On February

22, 2020, at approximately 8:30 p.m., Nasca was in his living room playing music when

Rudowicz "began pounding on [his] door screaming" for Nasca to turn the music off.[4]

After the incident, Pillay spoke with Rudowicz's mother who told Pillay that her son

was autistic and had an aversion to music.[5] Nasca alleges that Rudowicz's mother

made a "fist punch motion" and told Pillay that "she was afraid [her son] would

become confrontational."[6] Pillay, as the RA, then "required" Nasca and Rudowicz to

attend a mediation session.[7]

A few days later, Pillay conducted the mediation session between Nasca and

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

[2] Compl. ¶ 9 [Doc. 1].

[3] *Id.* at ¶ ¶ 10 and 11.

[4] *Id.* at ¶ 12.

[5] *Id.* at ¶ 34.

[6] *Id.*

[7] *Id.* at ¶ 14.

Rudowicz. During the session, Rudowicz stated that he felt Nasca had disrespected him, and he should have punched Nasca.[8] Nasca then took out his cell phone, began to audio record the interaction, and told Pillay she should write down Rudowicz's comment as a threat.[9] Rudowicz then stood up and threw Nasca's cell phone, striking Nasca in the forehead.[10] Rudowicz "ran around the table and slammed [ ] Nasca's head into the wall several times, while repeatedly striking [ ] Nasca with a closed fist."[11] As a result of Rudowicz's actions, Nasca sustained a broken left pinky finger, bruising to his forehead, scrapes to his neck and back, and a large hematoma to the back of his skull.[12]

Nasca filed suit asserting claims for assault and battery and intentional infliction of emotional distress against Rudowicz, and claims for negligence against Rudowicz's parents and Pillay. Specifically to Pillay, Nasca alleges that "as part of her duties as a resident assistant, [ ] Pillay was responsible for the safety and security of the individuals in Reed Hall."[13] Nasca claims Pillay failed to alert or warn him that "Rudowicz could present a physical threat" to him and "failed to take any precautionary measures to assure the safety of [Nasca], even though she had

---

[8] *Id.* at ¶ 16.

[9] *Id.* at ¶ 17.

[10] *Id.* at ¶ 18.

[11] *Id.* at ¶ 19.

[12] *Id.* at ¶ 20.

[13] *Id.* at ¶ 35.

knowledge that [ ] Rudowicz could present a physical danger to [Nasca]."[14] Nasca seeks $500,000.00 from Pillay in compensatory damages and $750,000.00 in punitive damages.

Defendant Pillay moves to dismiss the negligence claim under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. In support of her Motion, Pillay submitted three affidavits from UGA officials: Ricky Boggs, Assistant Director of University Housing at UGA; Rebecca Morgan, Residence Hall Director, Payne and Reed Hall at UGA; and Kathryn Hall, Senior Coordinator for Staff Development and Student Conduct in the University Housing Department at UGA.[15] Each of these affiants attest that Pillay was employed by the Board of Regents of the University System of Georgia ("Board of Regents") as an RA at UGA in Reed Hall at all times relevant to the events alleged in Nasca's Complaint.

## ANALYSIS

Pillay seeks dismissal based on her official position as a State of Georgia employee. When a plaintiff sues a state employee, the Court must first determine whether the employee is being sued in her official capacity, individual capacity, or both.[16]

---

[14] *Id.* at ¶ ¶ 36 and 37.
[15] Docs. 14-2, 24-1, and 24-2.
[16] *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1576 (11th Cir. 1994).

Nasca fails to specify in which capacity he sues Pillay. The Court construes his *pro se*
Complaint to assert claims against Pillay in both her official and individual capacities.

### A. Official Capacity Claim Barred by Eleventh Amendment

As explained below, Eleventh Amendment sovereign immunity bars any claim
Nasca brings against Pillay in her official capacity as an RA at UGA.

### 1. Legal Standard under Rule 12(b)(1)

An assertion of Eleventh Amendment sovereign immunity essentially
challenges the Court's subject matter jurisdiction, and claims barred by the Eleventh
Amendment are subject to dismissal under Fed. R. Civ. P. 12(b)(1).[17] A motion to
dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules
of Civil Procedure may either be a "facial" or "factual" attack.[18] When presented with a
facial attack on the plaintiff's complaint, a court determines whether the complaint has
sufficiently alleged subject-matter jurisdiction.[19] The court proceeds as if it were
evaluating a Rule 12(b)(6) motion, views the complaint in the light most favorable to

---

[17] *See McClendon v. Georgia Dept. of Comm'ty Health*, 261 F.3d 1252, 1257 (11th Cir. 2001) ("Because the
Eleventh Amendment represents a constitutional limitation on the federal judicial power established in
Article III, federal courts lack jurisdiction to entertain claims that are barred by the Eleventh
Amendment.") (citations omitted); *see also Nicholl v. Attorney General Ga.*, 769 F. App'x 813 (11th Cir. 2019)
(affirming district court's dismissal of Plaintiff's complaint pursuant to Rule 12(b)(1) for lack of subject
matter jurisdiction); *Neely v. Georgia Dept. of Human Resources*, 745 F. App'x 890, 892 (11th Cir. 2018)
(same); *Lewis v. United States*, 502 F. App'x 862, 863 (11th Cir. 2012) (same).
[18] *Morrison v. Amway Corp.*, 323 F.3d 920, 924-25 n.5 (11th Cir. 2003).
[19] *Sinaltrainal*, 578 F.3d at 1260.

the plaintiff, and accepts any well-pled facts alleged in the complaint as true.[20]

Factual attacks, on the other hand, question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."[21] When confronted with a factual attack, "the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[22]

Here, Pillay brings a factual attack questioning the existence of subject matter jurisdiction. As such, the Court may consider the affidavits from Ricky Boggs, Assistant Director of University Housing at UGA; Rebecca Morgan, Residence Hall Director, Payne and Reed Hall at UGA; and Kathryn Hall, Senior Coordinator for Staff Development and Student Conduct in the University Housing Department at UGA that Pillay submitted in support of her Motion without converting the Motion to

---

[20] *Id.*

[21] *Id.*

[22] *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation omitted).

Dismiss into one for summary judgment.[23]

## 2. Eleventh Amendment Sovereign Immunity

"Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court."[24] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[25] The Eleventh Amendment "is a recognition of states' sovereign immunity in federal court."[26] And "the concept of sovereign immunity bars private citizens from suing states for damages."[27]

Three limited exceptions to Eleventh Amendment immunity exist. First, "[a] State remains free to waive its Eleventh Amendment immunity from suit in a federal court."[28] Second, a "party may sue the state if . . . Congress has validly abrogated the state's

---

[23] Docs. 14-2, 24-1, and 24-2.

[24] *Id.*

[25] U.S. Const. amend. XI. Although Plaintiff is a citizen of New York, the Eleventh Amendment also bars suit against a state in federal court by its own citizens. *See Abusaid v. Hillsborough County Bd. of County Comm'rs,* 405 F.3d 1298. 1302 (11th Cir. 2005) ("Although, by its terms, the Eleventh Amendment does not bar suits against a state in federal court by its own citizens, the Supreme Court has extended its protections to apply in such cases.").

[26] *Stroud v. McIntosh*, 722 F.3d 1294, 1298 (11th Cir. 2013).

[27] *Id.* at 1297.

[28] *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002) (citation omitted).

immunity."[29] Third, the doctrine of *Ex parte Young*[30] permits a plaintiff to seek prospective injunctive relief against a state official in his official capacity for an allege constitutional violation.[31]

Despite Nasca's arguments to the contrary, the affidavits Pillay submitted in support of her Motion to Dismiss conclusively establish that Pillay was a UGA employee when she conducted the mediation between Nasca and Rudowicz.[32] UGA is a division of the University System of Georgia Board of Regents, and the Board of Regents is a State of Georgia entity.[33] Thus, any claim against Pillay in her official capacity is a claim against the State of Georgia. And unless any of the limited exceptions apply, the claim is barred by sovereign immunity.

No exception to Eleventh Amendment immunity applies here. The State of Georgia has not consented to suit; Nasca alleges no federal statutory claim wherein Congress has abrogated the state's immunity; and Nasca does not seek prospective injunctive relief to end any continuing violation of federal law. Thus, Nasca's negligence

---

[29] *Williams*, 477 F.3d at 1301 (citation omitted).

[30] 209 U.S. 123 (1908).

[31] *See, e.g., Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005).

[32] Docs. 14-2; 24-1; and 24-2. Nasca's arguments challenging the affidavits are without merit.

[33] *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) ("UGA and the Board of Regents are state entities for Eleventh Amendment purposes.").

claim against Pillay in her official capacity is barred by the Eleventh Amendment and must be dismissed under Fed. R. Civ. P. 12(b)(1).

**B.  Individual Capacity Claim -- Official Immunity under Georgia Law**

As explained below, Pillay is entitled to official immunity under Georgia law on Nasca's negligence claim against her in her individual capacity.

### 1. Legal Standard under Rule 12(b)(6)

Official immunity under Georgia law is not jurisdictional and is subject to dismissal under Rule 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[34] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[35]  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[36] "[T]he court may dismiss a complaint

---

[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[35] *Id.*
[36] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."[37]

Because Nasca is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[38] Although *pro se* pleadings are held to less stringent standards than those drafted by attorneys, they "still must suggest some factual basis for a claim,"[39] and *pro se* parties are required to "comply with the procedural rules that govern pleadings."[40]

### 2. Official Immunity

Unlike suits against state officers in their official capacities, [t]he Eleventh Amendment "does not protect state employees sued in their individual capacities."[41] Individual-capacity suits seek recovery from the individual defendant rather than the state entity that employs her, so sovereign immunity is not involved.[42] Instead, in Georgia, official immunity generally applies "to government officials and employees sued in their individual capacities."[43]

---

[37] *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

[38] *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citation omitted).

[39] *KPOKYC v. President*, 2021 WL 1625397 at 2 (11th Cir. 2021) (citation omitted).

[40] *Beckwith v. Bellwouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).

[41] *Jackson*, 16 F.3d at 1575 (citations omitted).

[42] *See Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985).

[43] *Roberts v. Mulkey*, 343 Ga. App 685, 688 (2017).

The Georgia Constitution provides official immunity to State officials or employees who are sued for damages in their individual capacity when they (1) perform discretionary acts (2) in the scope of their official authority (3) without actual malice to cause the plaintiff any harm.[44] "A discretionary act . . . calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed."[45] And actual malice "requires a deliberate intention to do wrong, and denotes express malice or malice in fact. It does not include willful, wanton or reckless conduct or implied malice. Thus, actual malice does not include conduct exhibiting a reckless disregard for human life."[46]

Pillay is entitled to official immunity under Georgia law. Nasca's allegations establish that (1) Pillay was a UGA employee; (2) Pillay conducted the mediation, a discretionary act, under the scope of her authority as an RA; and (3) Nasca fails to allege any facts from which this Court can infer Pillay acted with actual malice or an actual intent to cause Nasca harm.

First, as a student RA, Pillay was employed by UGA. Nasca contests Pillay's employment. Unlike the official capacity claim, the Court cannot rely on the affidavits

---

[44] *See Reed v. DeKalb County*, 264 Ga. App. 83, 86 (2003); Ga. Const. art. 1, 2, ¶9(d).
[45] *Marshall v. Browning*, 310 Ga. App. 64, 67 (2011).
[46] *Daley v. Clark*, 282 Ga. App. 235 (2006).

Pillay submitted to establish she was a UGA employee because this individual capacity claim is subject to dismissal under Rule 12(b)(6). But the Court need not rely on the affidavits because it can reasonably infer Pillay was a UGA employee from Nasca's allegations in his Complaint. Nasca alleges that Pillay "was a student and Resident Advisor 'RA' at the University of Georgia at the time the events occurred";[47] that she "required" Plaintiff to attend a mediation session;[48] and that "as part of her duties as a resident assistant" she "was responsible for the safety and security of the individuals in Reed Hall."[49] Even if the Court found Nasca's allegations do not establish Pillay's employment, the Court may take judicial notice that as an RA, Pillay was employed by UGA. Under Federal Rule of Evidence 201(b), the Court may *sua sponte* take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." It is generally known in this jurisdiction that UGA RAs are UGA student employees, and it is clear from UGA's official website that RAs are UGA student employees.[50]

---

[47] Compl. ¶ 11 [Doc. 1].

[48] *Id.* at ¶ 14.

[49] *Id.* at ¶ 35.

[50] University of Georgia Housing, Employment, https://housing.uga.edu/about-us/employment (last visited Oct. 25, 2021). Courts routinely take judicial notice of factual information found on official

Second, Pillay conducted the mediation—a discretionary act because it required her to examine facts and reach reasoned conclusions—as part of her scope of authority as an RA. Nasca alleges that Pillay required Nasca and Rudowicz to attend the mediation session, and she conducted the mediation.[51] Moreover, Nasca acknowledged her authority as the RA in charge of the mediation when he told Pillay to document Rudowicz's threats during the mediation.[52]

Finally, Nasca fails to allege any facts to support even an inference that Pillay acted with actual malice or an actual intent to cause him harm. Although Nasca alleges Pillay was "extremely reckless and indifferent" in failing to warn Nasca of a possible threat of violence,[53] malice does not "include implied malice, or the reckless disregard for the rights and safety of others."[54] To overcome official immunity, a plaintiff must allege a "deliberate intention" to cause the plaintiff harm.[55] Nasca fails to state any such allegations. Pillay is entitled to official immunity, and Nasca's negligence claim against her in her individual capacity must be dismissed for failure to state a claim under Rule 12(b)(6.).

---

governmental agency websites. *See, e.g., Hill v. Mark A. Nestor, P.C.*, 2015 WL 13777184 at *2 (N.D. Ga. June 18, 2015) (taking judicial notice of documents available on the Georgia Secretary of State's website); *Mitchell v. Nix*, 2007 WL 779067 at *4 (N.D. Ga. Mar. 8, 2007) (taking judicial notice of information from Georgia Department of Corrections' website).

[51] Compl. ¶¶ 14-17.

[52] *Id.* at ¶ 17.

[53] *Id.* at ¶¶ 43-44.

[54] *Marshall v. Browning*, 310 Ga. App 64, 67 (2011).

[55] *Id.*

**CONCLUSION**

For the above reasons, Defendant Pillay's Motion to Dismiss [Doc. 14] is **GRANTED**, and Plaintiff's claims against Pillay are hereby **DISMISSED**. The Stay of Discovery is hereby **LIFTED**. The remaining parties must file the Proposed Scheduling and Discovery Order within 21 days of the date of this Order.

**SO ORDERED**, this 5th day of November, 2021.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

14